# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. CLARK,

               Petitioner,     :     Case No. 3:17-cv-151

   - vs -                                 District Judge Walter Herbert Rice
                                        Magistrate Judge Michael R. Merz

CHARMAINE BRACY, WARDEN,
 Trumbull Correctional Institution,

                                    :

               Respondent.

## ORDER EXTENDING TIME; ORDER TO THE CLERK

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion (ECF No. 8) for a sixty-day extension of time to respond to the Court's Order to Show Cause why the Petition should not be dismissed as untimely (ECF No. 6). That Motion is GRANTED and Petitioner's time to show cause is extended to and including July 31, 2017. No further extensions will be granted.

Petitioner's request for a copy of his Petition and Motion for Appointment of Counsel (ECF No. 2) showing the electronically supplied PageID numbers is GRANTED. The Clerk shall print such a copy and provide it to Petitioner without charge.

Mr. Clark writes that he had not anticipated being required to show the petition was timely before the Warden filed a return (ECF No. 8, PageID 61). He complains that "no matter how convenient, the requirement for court screening casts the Court as advocate for one party (the most powerful party), making a pro se, nidignet, prisoner's burden of having his issues heard

1

on habeas even more difficult, implicating due process and equal protection." *Id.* at PageID 61-62.

Initial screening of habeas corpus petition is commanded by Rule 4 of the Rules Governing § 2254 Cases, promulgated by the Supreme Court. A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it). Therefore this Court finds no constitutional impropriety in issuing the Order to Show Cause.

The Court again declines to appoint counsel until at least the limitations issue is decided. Because of the shortage of funds for appointed counsel under the Criminal Justice Act, this Court usually declines to appoint counsel unless required by that Act, e.g., if an evidentiary hearing is needed. As to Petitioner's access to his legal materials, he asserts he has a pending § 1983 case regarding that matter and this Court declines to interfere where another court has assumed jurisdiction.

June 5, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge