# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. CLARK,

        Petitioner,    :    Case No. 3:17-cv-151

- vs -    District Judge Walter H. Rice
    Magistrate Judge Michael R. Merz

CHARMAINE BRACY, WARDEN,
  Trumbull Correctional Institution,

        :

        Respondent.

# ORDER

This habeas corpus case is before the Court Petitioner's motion entitled Motion for Injunctive Relief (ECF No. 31). In ¶ II, Petitioner asks that the Court "please construe this filing as the proper motion to provide the most appropriate relief." *Id.* at PageID 1669. The Motion seeks orders to Respondent to provide various types of relief, some of which is available ancillary to a habeas petition and some of which is not. None of the relief sought is in the nature of a preliminary injunction, so, to the extent it is available in habeas, it can be granted by the Magistrate Judge by treating the motion as a non-dispositive pretrial motion. Of course, Petitioner has the right to appeal to District Judge Rice from any adverse ruling.

Mr. Clark complains that he did not receive Respondent's most recent filings (ECF Nos. 25, 28, &30) until December 20, 2017, thirteen days after they were postmarked, He attributes this to failure of the Madison Correctional Institution to follow ODRC policy of delivering inmate mail within forty-eight hours of receipt. It is hereby ORDERED that Respondent through counsel produce to the Court those portions of the inmate mail log which show when these items were

1

received at the prison.

Clark next complains that he has never received a file-stamped copy of his Second Motion for Extension of Time. *Id.* at PageID 1670, referencing ECF No. 26. The Court does not create and furnish file-stamped copies of filings to any litigant. To obtain a file-stamped copy, a litigant must pay the CM/ECF document production fee of $.50 per page.

Clark then complains that he has not received the Court's two most recent Orders (ECF No. 27 & 29). The docket reflects the notation of the docketing clerk that copies of each of those documents were sent by regular mail to Petitioner at his address of record; that mail has not been returned. The Clerk is ORDERED to mail a copy of each of those documents to Mr. Clark and note the mailing on the docket.

Clark alleges that in retaliation for his complaining about inadequate access to legal resources, he was fired from his legal clerk position at the institutional library. *Id.* at PageID 1670. He seeks reinstatement because he claims the firing was in violation of Ohio Administrative Code § 5120-3-06. This Court is barred by the Eleventh Amendment to the United States Constitution from granting injunctive relief to compel state officials to comply with state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005)(*en banc*); *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453 (6th Cir. 1998); *In re: Ohio Execution Protocol Litig. (Gary Otte),* 2017 U.S. App. LEXIS 17436 (6th Cir. Sept. 7, 2017), affirming *In re: Ohio Execution Protocol Litig. (Tibbetts & Otte),* 2017 U.S. Dist. LEXIS 115583 (S.D. Ohio July 25, 2017)(Merz, M.J.). This same jurisdictional limitation applies to Clark's request that the Court order his mail delivered in accordance with ODRC policy and comply with the posted schedule for law library access. Respondent is already under a duty not to retaliate against Clark for attempting to exercise his right to meaningful access to the courts.

Clark's request for an additional sixty days to respond to the pending Motion to Dismiss is DENIED. Clark's time to respond remains set at January 18, 2018.

January 3, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge