# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAVID E. CLARK,

        Petitioner,     :     Case No. 3:17-cv-151

  - vs -                       District Judge Walter Herbert Rice
                                  Magistrate Judge Michael R. Merz

CHARMAINE BRACY, WARDEN,
 Trumbull Correctional Institution,

                                    :

        Respondent.

## SUPPLEMENTAL MEMORANDUM ON OBJECTIONS;
## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

      This habeas corpus case is before the Court on the Petitioner's Objections (ECF No. 35)[1] to the Magistrate Judge's (1) Decision and Order of December 6, 2017 (ECF No. 27), (2) Order to Provide Transcript [and] Extension of Time (ECF No. 29), and (3) Order Substituting Respondent and Changing Petitioner's Address of Record (ECF No. 34).[2]

      Clark filed this habeas corpus action April 27, 2017 (ECF No. 1). After it was transferred here from the Northern District, the Magistrate Judge noted that the Petition averred conviction of aggravated murder and other felony offenses on March 1, 1992 (Order to Show Cause, ECF No. 6, PageID 54). Pertinent procedural history of the case was included in the most recent decision of the Ohio Second District Court of Appeals in the case:

---

[1] The Objections were made in three separate parts, received separately by the Clerk and collated into one document (See ECF No. 35-1, 35-2.)
[2] In the body of the Objections but not the title, Petitioner also purports to object to the Magistrate Judge's Decision and Order re Letter to Court (ECF No. 18), filed on September 12, 2017. The time to object to that Decision expired on September 29, 2017. Any objection made now is too late.

1

[*P2] This case arises out of the April 1991 burglary and burning of a residence occupied by Judith Simpson and her daughter Amanda. Amanda died in the fire, and Judith was injured. On March 27, 1992, following a jury trial, Clark was found guilty of Aggravated Murder, Attempted Aggravated Murder, Aggravated Burglary, and Aggravated Arson. He was sentenced to an indefinite prison term of 21 to 75 years, to be served consecutively to a term of life in prison.

[*P3] We affirmed his conviction in *State v. Clark*, 2d Dist. Montgomery No. 13435, 1994 Ohio App. LEXIS 1875, 1994 WL 171223 (May 4, 1994). We affirmed the denial of his petition for post-conviction relief in *State v. Clark,* 2d Dist. Montgomery No. 16463, 1998 Ohio App. LEXIS 2326, 1998 WL 271853 (May 29, 1998). On May 4, 1999, Clark filed a pro se motion for new trial based on different grounds than those raised herein, which the trial court overruled without a hearing May 25, 1999. Clark appealed. We affirmed. *State v. Clark,* 2d Dist. Montgomery No. 17839, 2000 Ohio App. LEXIS 5413, 2000 WL 1726851 (Nov. 22, 2000).

[*P4] On May 29, 2014, Clark filed a motion for leave to file a motion for new trial pursuant to Crim.R. 33, which is the subject of this appeal. The motion was based upon a claim of newly discovered evidence regarding the cause of the fire. In his attached affidavit, Clark averred that he first discovered information regarding wrongful convictions in arson cases after watching a show on PBS. He does not aver when he watched the television show. He further averred that he then contacted the Ohio Innocence Project at the University of Cincinnati College of Law. Thereafter, Clark received an affidavit from Craig Beyler, Ph.D., dated May 22, 2013, which contested the validity of evidence presented at Clark's trial regarding the cause of the fire.

*State v. Clark*, Case No. CA 26596, 2016 Ohio App. LEXIS 31 (2nd Dist. Jan. 8, 2016), appellate jurisdiction declined, 146 Ohio St. 3d 1488 (2016). From this information, the Magistrate Judge concluded Clark's conviction became final forty-five days after affirmance of the conviction by the Second District when Clerk failed to appeal further to the Ohio Supreme Court.

Required by the standard form of habeas corpus petition to state why the Petition was timely, Clark wrote:

2

> 1. The impediment(s) to my filing have not been removed. I was denied even my trial transcripts by the court, and was only able to obtain them approx. 20 years through the Ohio Innocence Project and even then the necessary opening and closing arguments were missing.
>
> 2. Due to the injustice of being tried as an adult at the age of 15 and convicted of an alleged crime I had nothing to do with, nor any knowledge of, or possibly just because of what I see as the injustice of the Ohio prison system itself, I became significantly involved in civil/prisoners' rights issues. As a consequence, I have been continually retaliated against by the ODRC [Ohio Department of Rehabilitation and Corrections]. The retaliation has included the confiscation of all my legal papers in '05 and the confiscation of 95% of my legal documents since then in 2014/15. Due to a settlement with ODRC officials in my pro se suit, *Clark v. Johnston, et al.,* (N.D. Ohio), I am supposed to have access to all of my documents in a digital format, but due to defendants' non-compliance, I do not. Additionally, the constant retaliation and failure to provide adequate access to legal resources by ODRC officials makes it where I can't work on my criminal case at all.
>
> 3. I am entitled to equitable tolling based upon actual innocence and ineffective assistance of appellate counsel. The new evidence in question consists of the recantation of all three of the juvenile co-defendants who testified against me, and new arson science in the nature of an affidavit by a scientist who co-authored the manual (literally wrote the book) that is the standard of care in the arson investigation. The affidavit/evidence destroys the State's "Arson Expert's" testimony of a conclusion of arson, and bolsters the co-defendants recantations.

(Petition, ECF No. 1, PageID 13-14, 16.) After explaining why these excuses were unpersuasive, the Magistrate Judge ordered Clark to show cause not later than June 1, 2017, why his Petition should not be dismissed with prejudice as barred by 28 U.S.C. § 2244(d)(Order, ECF No. 6, PageID 59). On Clark's Motion that time was extended to July 31, 2017 (ECF No. 11).

On Clark's request for yet more time, the Magistrate Judge withdrew the Order to Show Cause and required the Respondent to respond to the Petition and file the State Court Record so that the "statute of limitations question [can] be adjudicated on a full record." (Order, ECF No.

3

16, PageID 202.)

In response to this Order, the Respondent filed the instant Motion to Dismiss (ECF No. 23). The same day it was filed the Court gave Clark notice that, under S. D. Ohio Civ. R. 7.2, his response was due December 7, 2017 (Notice, ECF No. 24). That time was extended to January 18, 2018, but the Magistrate Judge denied Clark's request for an additional sixty days (ECF No. 32). Clerk's current Objections (ECF No. 35) were reportedly deposited in the prison mail system on January 18, 2018, and will be considered a timely response to the Motion to Dismiss.

**Procedural Objections**

Before dealing with the merits of the Motion to Dismiss, the Magistrate Judge addresses Clark's procedural objections. The gravamen of those objections, as the Magistrate Judge understands them, is that Clark wants not only more time to respond, but additional resources.

He wants an appointed attorney. The Magistrate Judge has explained that appointment of counsel in non-capital habeas corpus cases is required by the Criminal Justice Act and this Court's plan for carrying out that Act only when an evidentiary hearing is required. His request for counsel was denied without prejudice to its renewal once the limitations issue was resolved (Notation Order, ECF No. 7). He continues to insist that he needs an attorney to help with that issue (See, e.g., Objections, ECF No. 35, PageID 1701).

He wants the "complete state record" and complains that what Respondent has filed is not complete or accurate and not furnished to him on a CD. (ECF No. 35, PageID 1692.) He has not shown how, for example, absence of the opening statements and closing arguments from the transcript with which he has been furnished are somehow material to the statute of limitations

question.

He wants treatment for his mental disabilities, particularly his Attention Deficit Disorder, but also his mild depression and possible post-traumatic stress disorder. He asserts that without such treatment, he cannot effectively litigate this case. Based on the voluminous and articulate papers already filed in this case and Clark's prior litigation of a § 1983 case in the Northern District, the Magistrate Judge concluded he was able to proceed. He objects that the Magistrate Judge has "demonstrate[d] his misunderstanding of my particular mental health issues" and attaches pages from the Diagnostic and Statistical Manual 5 on ADHD. (ECF No. 35, PageID 1692). Whatever difficulties ADHD causes in that population in general and however deficient the Magistrate Judge's understanding of that disorder, Mr. Clark's filings in this case do not objectively show that the diagnosis prevents him from showing his Petition is timely in the more than seven months since the issue was raised.

He wants more law library access and complains that lack of that access prevents him from responding. The question of whether the Petition is timely is a fact-intensive issue, not law intensive.

In sum, Mr. Clark has not shown that his failure to be provided with the extra time and resources he wants has deprive him of a fair opportunity to show his Petition was timely filed.

**The Merits of the Limitations Defense**

As noted in the Show Cause Order, Clark's convictions were affirmed by the Second District Court of Appeals on May 4, 1994. The Ohio Supreme Court granted Clark's motion to file a delayed appeal, but then dismissed the appeal for lack of a substantial constitutional

5

question on November 23, 1994. *State v. Clark*, 71 Ohio St. 3d 1411 (1994). Under current law, the statute would have begun to run ninety days later when his time to seek certiorari from the United States Supreme Court expired. However, because the AEDPA statute of limitations had not yet been enacted, the courts recognized a grace period of one year from that enactment (April 24, 1996).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute is tolled during the pendency of any properly filed collateral attack on the judgment. Respondent's Motion shows Clark filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 on July 31, 1996. He was unsuccessful in the Common Pleas Court and the Second District affirmed. *State v. Clark*, 1998 Ohio App. LEXIS 2326 (2nd Dist. May 19, 1998). Clark did not seek review in the Ohio Supreme Court, so the statute began to run again on July 3, 1998, and expired February 20, 1999. This is the time-bar date claimed by Respondent. Clark filed a motion for leave to file a delayed motion for new trial on May 7, 1999, but the statute had already expired by that time.

Clark claims he has "at least three arguments that defeat the statute of limitations defense":

> (1) the statute has not yet even begun to run because of "the state-created impediment of illegally preventing me from accessing my records prevented me from discovering the factual predicate of my claim";
>
> (2) "the state's unconstitutional denial of access to the courts in failing to provide me adequate access to legal materials or persons trained in the law and failing to adequately treat my mental health disabilities, constitutes a state-created impediment and cause of equitable tolling;
>
> (3) "the actual innocence manifest injustice exception."

(Objections, ECF No. 35, 1701.) Clark presents no factual detail to support these claims.

Instead, he says their development will "involve complicated discovery, a hearing, and cross-examination." *Id.* at PageID 1702.

The lack of factual detail is fatal to these claims. Absent some compelling excuse, the statute of limitations expired February 20, 1999, almost eighteen years ago. What factual predicate is Clark talking about in his first argument? When did he discover it? How much time elapsed between the discovery and the filing of suit? As to equitable tolling, again there is no factual flesh on the conclusory bones of the argument. Clark has filed many court papers in the last twenty years. What denial of court access prevented him from filing the Petition here? Obviously as a prisoner Clark did not have unfettered access to a law library and probably no funds to hire counsel, but what about that prevented him from filing the Petition?

Discovery of new evidence of actual innocence will excuse a failure to timely file a habeas petition. *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup* [*v. Delo*,] 513 U.S. ]298,] . . . 316 [(1995)]." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321.

*Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005) (parallel citations omitted).  But Clark does not tell the Court what his purported new evidence is.

In sum, Clark's three arguments against the limitations defense are merely conclusory – they are not backed up with any record references which would allow the Court to see, for example, what state-created impediments kept him from filing for what period of time.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

January 25, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the

transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).