IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DAVID E. CLARK,

              Petitioner,     :     Case No. 3:17-cv-151

    - vs -                          District Judge Walter Herbert Rice
                                     Magistrate Judge Michael R. Merz

CHARMAINE BRACY, WARDEN,
 Trumbull Correctional Institution,

                                   :
              Respondent.

## DECISION AND ORDER DENYING REQUEST TO RECUSE

This habeas corpus case is before the Court on the Petitioner's Objections (ECF No. 39) to the Magistrate Judge's Report and Recommendations on Motion to Dismiss (ECF No. 37). Under Fed. R. Civ. P. 72(b)(3), the Objections will be addressed by District Judge Rice.

However, at the beginning of his Objections, Petitioner accuses the Magistrate Judge of entering his most recent Report as "clear retaliation for my complaints about the magistrate's handling of this case and I ask that this be interpreted further as a Motion for Recusal and that Magistrate Merz not be permitted to perform any further function in this case." (ECF No. 39, PageID 1723-24).

A District Judge may vacate an order of reference of a case to a Magistrate Judge at any time for any reason or for no reason at all. But a motion for recusal of any federal judicial officer is directed in the first instance to the judge sought to be removed. *Goward v. United States*, 2014 U.S. App. LEXIS 11694, *6 (6th Cir. 2014), *citing United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel*

1

*Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd Cir. 1988) *reh'g denied*, 869 F.2d 116 (2nd Cir. 1989); *United States v. Brunsman*, 2013 U.S. Dist. LEXIS 92971, *1 (S.D. Ohio 2013); *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held. *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). Review is for abuse of discretion. *Wheeler,* 875 F.2d at 1251.

A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra;Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra*; *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted).

Mr. Clark cites no extrajudicial basis for his request for recusal and there is none. I had never heard of him or the facts of this case before it was assigned to me. He believes I am

prejudiced against him because the Court has not provided him with the tools he believes are necessary to litigate this case, including appointed counsel and treatment for his ADGD and associated illnesses. But the question of whether the Petition in this case was timely filed is evident on the face of the Petition: Mr. Clark was convicted in the Montgomery County Common Pleas Court in 1992 and did not file his Petition until 2017. In the months since that filing, he has been unable to show cause why the Petition is not time barred. That is why the Magistrate Judge recommended dismissal and not because of any bias or prejudice against Mr. Clark.

Accordingly, I decline to recuse myself.

February 15, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge