IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID E. CLARK,

    Petitioner,

v.

TOM SCHWEITZER, Warden,
Madison Correctional Institution,

    Respondent.

:
:
:
:

Case No. 3:17-cv-151

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING PETITIONER'S MOTION TO
CONDUCT DISCOVERY (DOC. #53); SUSTAINING RESPONDENT'S
MOTION TO CONDUCT DISCOVERY (DOC. #64)

---

    In 1992, 15-year-old David Clark was convicted of aggravated murder, attempted aggravated murder, aggravated arson and aggravated burglary. He was sentenced to life in prison. In 2017, he filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. At issue is whether his Petition is barred by the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2244(d). Petitioner maintains that the "actual innocence" exception to the statute of limitations applies, allowing the Court to reach the merits of his constitutional claims.

    After examining the evidence presented at trial and the new evidence submitted by Petitioner, including the recantations of several co-defendants and new expert witness testimony concerning the arson investigation, the Court

appointed counsel for Petitioner, and scheduled an evidentiary hearing for July 6, 2021, on Petitioner's claim of actual innocence. Doc. #44.

This matter is currently before the Court on Petitioner's Motion to Conduct Discovery in Support of Petition for Habeas Corpus Under 28 U.S.C. § 2254, Doc. #53, and Respondent's Motion to Conduct Discovery, Doc. #64. Those motions are fully briefed. *See* Docs. ##65, 66.

Rule 6(a) of the Rules Governing § 2254 Cases allows a judge, "for good cause," to authorize a party to conduct discovery under the Federal Rules of Civil Procedure. Discovery is permitted "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief." *Harris v. Nelson*, 394 U.S. 286, 300 (1969). Rule 6(b) of the Rules Governing § 2254 Cases requires the party requesting discovery to "provide reasons for the request." The Rule requires the moving party to attach "any proposed interrogatories and requests for admission," and to "specify any requested documents."

I. **Petitioner's Motion to Conduct Discovery in Support of Petition for Habeas Corpus Under 28 U.S.C. § 2254 (Doc. #53)**

To prevail on his claim of "actual innocence," Petitioner must show that, if presented with the new evidence, it is more likely than not that no reasonable juror would have convicted him. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013).

Petitioner seeks discovery to support his claim that multiple prosecution witnesses gave false trial testimony due to coercion by the police and/or the prosecution.  He also seeks discovery in order to challenge the conclusions of the arson investigator.  Petitioner seeks discovery of relevant documents from the investigation file.  As required by Rule 6(b), he has attached proposed interrogatories and document requests as Exhibit A to his Motion.  Doc. #53-1.  The Court finds that Petitioner has established good cause for the requested discovery, which will be necessary to prove his claim of actual innocence.

Notably, Respondent does not argue that Petitioner failed to establish good cause.  He challenges only the *methods* by which Petitioner is seeking discovery.  In his memorandum in opposition, Doc. #64, Respondent concedes that, as the Warden of Madison Correctional Institution, he is the appropriate party-Respondent.  He argues, however, that he does not have custody or control over any of the requested documents and has no personal knowledge that would allow him to answer the interrogatories propounded.  All requested information is in the custody and control of the State of Ohio, the Dayton Police Department, the Montgomery County Prosecutor's Office and the Ohio Attorney General's Office.  Respondent maintains that because these entities are *non-parties* to this habeas proceeding, Petitioner cannot serve interrogatories under Fed. R. Civ. P. 33 or

requests for production of documents under Fed. R. Civ. P. 34, but must instead serve subpoenas under Fed. R. Civ. P. 45.[1]

The Court rejects this argument. As early as 1969, the Supreme Court recognized the difficulty of applying traditional discovery rules to habeas corpus proceedings. For example, the Court noted that, under Rule 33, interrogatories may be served only on opposing parties. In the context of habeas corpus proceedings, this would be the warden. However, because the warden has no personal knowledge of what happened during the course of the petitioner's arrest or trial, the warden would have to solicit the answers from the appropriate state officials. *Harris v. Nelson*, 394 U.S. 286, 297 (1969). The Supreme Court nevertheless held that, under the All Writs Act, when a petitioner has established a prima facie case for relief, district courts "may use or authorize the use of suitable discovery procedures, including interrogatories, reasonably fashioned to elicit facts necessary to help the court to dispose of the matter." *Id.* at 290.

In *Harris*, the Court suggested that Congress adopt discovery rules governing habeas corpus proceedings. *Id.* at 300 n.7. In 1976, Congress adopted the Rules

---

[1] Petitioner argues that Respondent's memorandum in opposition is untimely, having been filed 36 days after the motion was filed. The Court rejects this argument. The day after Petitioner filed his motion, Magistrate Judge Merz deferred a decision on Plaintiff's Motion for Discovery pending the filing of a discovery plan. Doc. #54. Respondent reasonably interpreted this to mean that no response was necessary until after the discovery plan was filed. Respondent filed his memorandum in opposition to Petitioner's motion, along with his own Motion to Conduct Discovery, Doc. #64, just four days after the parties filed their Rule 26(f) Report. Under the circumstances presented here, the Court finds that Respondent's memorandum in opposition was timely filed.

Governing § 2254 Cases. The Advisory Committee Notes to Rule 6 point out that the rule "contains very little specificity as to what types and methods of discovery should be made available to the parties." Rather, district court judges are allowed to "fashion their own rules in the context of individual cases."

In *Cherrix v. Braxton*, 131 F. Supp.2d 756 (E.D. Va. 2001), the district court noted that, even though the state's Attorney General and county clerk of court were not technically "parties" to the habeas corpus litigation, they had custody and control over the relevant records and evidence sought under Fed. R. Civ. P. 34. The court held that it had the authority to order them "to make accessible evidence in their custody pursuant to the Court's authority to provide a habeas corpus petitioner with access to avenues of discovery." *Id.* at 778. These entities were deemed to be "the equivalents to 'parties' to this suit under the common notions of who constitutes a party for discovery purposes." *Id.* at 777.

The Court finds the reasoning in *Cherrix* to be persuasive. In addition, the plain text of Rule 6 of the Rules Governing § 2254 Cases supports the same conclusion. In enacting this Rule, Congress was no doubt aware that, typically, the named Respondent would be the warden of the correctional institution, who, as a general rule, does not have custody or control over the information that the Petitioner is seeking. Nevertheless, Rule 6(b) requires the party requesting discovery to include "proposed interrogatories and requests for admission," along with "any requested documents." Congress clearly contemplated, by this process, that such discovery requests would be served on the warden, who would then

5

obtain the requested discovery from the appropriate state officials. *See also Hill v. Mitchell*, No. 1:98-cv-452, 2007 WL 2874597, at *8 (S.D. Ohio Sept. 27, 2007) (Sargus, J.) (finding that Petitioner demonstrated good cause for interrogatories and requests for production of documents, which were directed to the warden of the correctional institution).

Although service of Rule 45 subpoenas to the police, prosecutors and Attorney General's Office (the entities with custody and control over the requested discovery) would be another option, it is not required. Moreover, as Petitioner notes, in this case, two attorneys from the Montgomery County Prosecutor's Office have entered appearances as co-counsel for Respondent. This should render the requested discovery much more easily accessible.

For the reasons set forth above, the Court SUSTAINS Petitioner's Motion for Leave to Conduct Discovery, Doc. #53, and ORDERS Respondent to work with the Dayton Police Department, the Montgomery County Prosecutor's Office and the Ohio Attorney General's Office, to timely respond to Petitioner's discovery requests.

## II.  Respondent's Motion to Conduct Discovery (Doc. #64)

Respondent seeks discovery to refute Petitioner's claims of actual innocence. Doc. #64. More specifically, Respondent seeks sworn testimony of individuals with relevant evidence and documentary evidence in possession of those witnesses. Respondent seeks permission to serve interrogatories and

6

requests for production of documents on Petitioner.  He also seeks permission to issue subpoenas for documents to: (1) the Ohio Innocence Project; (2) current and former counsel for Petitioner; (3) private investigator Martin Yant of Ace Investigations in Columbus, Ohio; (4) the producers of the 2018 Investigation Discovery television show spotlighting Petitioner's case from Season 2, Episode 9: "Reasonable Doubt: Hero or Killer"; (5) Key Fire Investigations Inc., of Greenwood, Indiana, and its employees Candance Ashby and Mark Culver; and (6) Dr. Bob Stinson of Columbus, Ohio, who provided an expert opinion to the producers of the "Reasonable Doubt: Hero or Killer" television program.  In addition, Respondent seeks permission to conduct testimonial depositions of all potential witnesses.

Petitioner correctly points out that Respondent failed to attach proposed interrogatories and document requests to his motion, as required by Rule 6(b). Respondent also failed to attached proposed document requests that would accompany the Rule 45 subpoenas.  He asks the Court to overrule Respondent's motion on this basis.

Petitioner also acknowledges, however, that, during the November 9, 2020, conference call, the Court indicated that, due to the short time frame leading up to the July 6, 2021, evidentiary hearing, the Court is willing to relax the requirements of Rule 6, and allow the parties to conduct discovery without first seeking the Court's permission.  Petitioner merely asks that, if the Court is inclined to sustain Respondent's motion, despite Respondent's non-compliance with Rule 6, the Court remind Respondent of the need to timely serve copies of all discovery requests on

7

Petitioner, including copies of all subpoenas served on third parties.  This will enable Petitioner to raise any relevant defenses, such as attorney-client privilege and work product doctrine, in a timely manner.[2]

The Court finds that Respondent has established good cause for the requested discovery, which is necessary to refute Petitioner's claim of actual innocence.  The Court, therefore SUSTAINS Respondent's Motion to Conduct Discovery, Doc. #64.

As suggested by Petitioner, the Court DIRECTS both parties to serve copies of all discovery requests on opposing counsel, including copies of subpoenas served on third parties.  The Court encourages counsel to attempt to informally resolve any discovery disputes.  Should a discovery dispute arise that requires the Court's intervention, counsel shall contact chambers to schedule a conference call rather than filing a motion to compel discovery.

Date: November 19, 2020            /s/ Walter H. Rice  (tp - per Judge Rice authorization after his review)
                                   WALTER H. RICE
                                   UNITED STATES DISTRICT JUDGE

---

[2] Respondent notes that the attorney-client privilege is typically waived when a Petitioner asserts claims of ineffective assistance of counsel.  This issue, however, is not currently before the Court.